FILED

UNITED STATES DISTRICT COURT
DISTRICT OF THE STATE OF RHODE ISLAND -7 P 2: 21

| | |
|---|---|
| KATHERINE L. CAITO ) | |
| ) | DISTRICT COURT |
| VS. ) | ISLAND |
| ) | CA NO. 13- |
| CITIBANK AS TRUSTEE FOR AMERICAN ) | |
| HOME MORTGAGE ASSETS TRUST 2006-3 ) | **CA 13- 429** |
| MORTGAGE-BACKED PASS-THROUGH ) | |
| CERTIFICATES SERIES 2006-3 ) | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT ACCORDING TO THE PROVISIONS OF §9-30-1, et. seq. of THE GENERAL LAWS OF THE STATE OF RHODE ISLAND
And TO QUIET TITLE TO THE SUBJECT PROPERTY PURSUANT TO§34-16-1 et. Seq. of THE RHODE ISLAND GENERAL LAWS.**

This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Honorable Superior Court.

## INTRODUCTION

1. This complaint seeks a declaratory judgment that an alleged Mortgage and an alleged "Assignment" of the Plaintiff's mortgage loan from Defendant, Mortgage Electronic Registration Systems ("MERS"), to Defendant, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 ("CITIBANK AS TRUSTEE "), are invalid and that, as a result, neither CITIBANK AS TRUSTEE nor MERS, are valid mortgagees that may initiate a foreclosure sale on Plaintiff's property. As grounds set forth the Plaintiff avers that the "Assignment of Mortgage" from MERS to CITIBANK AS TRUSTEE was not "duly executed" and is a void documents that failed to assign both the Mortgage and Note in accordance with R.I.G.L. 34-11-1 and R.I.G.L. 34-11-24 with the requisite authority and effect.

2. The Plaintiffs sets forth that the Assignment of Mortgage from MERS to CITIBANK AS TRUSTEE was fraudulently prepared and executed by employees of a company called SECURITY CONNECTIONS INC., a "sweatshop for forged mortgage documents". Plaintiffs alleges that the Assignment of Mortgage to CITIBANK AS TRUSTEE is one of many forged and fraudulent documents prepared by SECURITY CONNECTIONS INC.. SECURITY CONNECTIONS INC.'s system of preparing forged and fraudulent documents such as the Assignment of Mortgage in this case have been widely documented in a deposition by Krystal Hall, an employee of SECURITY CONNECTIONS INC.

3. Plaintiff further contends that Defendants, MERS and/or CITIBANK AS TRUSTEE, are not the current Mortgagees of the Property because the Assignments of Mortgage purporting to assign the Mortgage from MERS to CITIBANK AS TRUSTEE are null and void.

1

4. The Plaintiff prays that this Honorable Court declare any foreclosure sale based on these documents invalid, enjoin the Defendants from proceeding with any foreclose or eviction action against Plaintiff pending a determination by this Court verifying the validity of the Mortgage, Assignments of Mortgage, any Foreclosure Deed, and underlining sale. Plaintiff further respectfully requests this Honorable Court quiet the title of said property by declaring Plaintiff, Katherine L. Caito, as the sole owner.

### The Parties

5. Plaintiff, Katherine L. Caito ("CAITO"), claims to be the owner of real property located at 16 Yosemite Valley Road, Westerly, Rhode Island 02891.

6. Mortgage Electronic Registration Systems, ("MERS") is Delaware Corporation, not authorized to do business in Rhode Island, that allegedly simplifies the way mortgage ownership and servicing rights are originated, sold and tracked. It is not a lender or a servicer and is nothing more than a mortgage placeholder allowing promissory notes to be sold without complying with the General Laws of the State of Rhode Island. MERS is identified as a mortgagee of a mortgage executed by CAITO to secure payment of a Note to American Brokers Conduit in the amount of $4,500,000.00.

7. Defendant, Citibank as Trustee, ("CITIBANK AS TRUSTEE"), the purported Trustee of a securitized mortgage named American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3,, that alleges to hold the Caito Note. CITIBANK AS TRUSTEE is also the purported assignee of the CAITO Mortgage from MERS. CAITO alleges that any Assignments of Mortgage from MERS to CITIBANK AS TRUSTEE are void in accordance with R.I.G.L. 34-11-1 and 34-11-24.

### JURISDICTION

8. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

9. Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

10. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

    a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

    a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

    b. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

    c. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

    d. Plaintiff claims that only she has a marletable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

    e. Plaintiff as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

    f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

11. Plaintiff, Katherine L. Caito, became the owners of the property located at 16 Yosemite Valley Road, Westerly, Rhode Island 02891 on December 2, 1987. The Deed granting CAITO the property was recorded in the Land Evidence Records of the Town of Westerly in Book 318 Page 481. (Exhibit 1)

12. On June 6, 2006, CAITO executed a mortgage which they believed was to American Brokers Conduit and which identified American Brokers Conduit as the Lender (the "Mortgage"). The Mortgage to CAITO allegedly secured a loan to CAITO in the amount of $4,500,000.00. The Mortgage was recorded in the Land Evidence Records of the Town of Westerly in Book 1541 at Page 252. (Exhibit 2).

13. CAITO was never told by the Defendants who held the beneficial interest in the loan or the Promissory Note.

14. MERS never held the Note nor did it hold any beneficial interest to the Mortgage.

15. CAITO was misled by MERS, American Brokers Conduit and CITIBANK AS TRUSTEE into believing that American Brokers Conduit was his actual mortgagee. No mention was ever made of MERS at the closing and there was never a meeting of the minds between MERS and CAITO.

16. While MERS declared itself the "nominee mortgagee" of the CAITO Mortgage in the Land Evidence Records of the Town of Westerly, American Brokers Conduit and CITIBANK AS TRUSTEE utilized MERS to hide the transfer of the beneficial interest in the CAITO loan to an undisclosed number of undisclosed entities for an undisclosed amount of fees. This, in turn, facilitated the securitization process of the CAITO Loan into a securitized investment vehicle.

17. MERS is not the lender regarding the above referenced transaction and further, by its own admission, is not a mortgage company.

18. On or about October 23, 2006, an alleged Mortgage Modification Agreement was recorded purporting to modify the Caito Mortgage in Book 1581 Page 329 of the Land Evidence Records of the Town of Westerly.

19. While the Modification Agreement purports to be between American Brokers Conduit and Caito, the Agreement is executed by a company called American Home Mortgage.

20. Neither MERS nor Citibank is mentioned in the Modification Agreement.

21. On or about October 9, 2012, an alleged Assignment of Mortgage was recorded purporting to transfer the CAITO Mortgage from MERS to CITIBANK AS TRUSTEE. ("Assignment"). The alleged Assignment was recorded in the Land Evidence Records of the Town of Westerly in Book 1932 Page 724.

22. The Assignment was executed on August 27, 2012 by Sarah Hix, as Assistant Secretary for MERS.

23. The Assignment was executed by Kylee Jensen as a witness to Sarah Hix's signature.

24. The Assignment was executed by Cristina Huitron as a witness to Sarah Hix's signature.

25. The signatures of Sarah Hix on the Assignment were notarized by Emmett Green in Idaho Falls Idaho on August 27, 2012.

26. At the time of the execution of the Assignment, neither Sarah Hix, Kylee Jensen, Cristina Huitron nor Emmett Green were employees of MERS or American Brokers Conduit. The statement on the Assignment purporting to set forth that Sarah Hix, Kylee Jensen, Cristina Huitron nor Emmett Green were employees of MERS were false.

27. Sarah Hix, Kylee Jensen, Cristina Huitron nor Emmett Green were all actually employees of a company called Security Connections Inc., a sweatshop for forged mortgage documents.

28. The executions on the Assignment by Sarah Hix, Kylee Jensen, Cristina Huitron nor Emmett Green are invalid because they are not "duly executed" in accordance with Rhode Island General Laws.

29. Based on information and belief the signatures on the Assignment are not "duly executed" in accordance with R.I.G.L. 34-11-1 because the signatory did not have personal knowledge of any alleged transfer of the CAITO Note or Mortgage from American Brokers Conduit or MERS to CITIBANK AS TRUSTEE.

30. The Assignment of Mortgage failed to assign the Note because MERS never held the Note and was never a party to the Note. The First Assignment was a "nullity" for failure to assign the note.

31. The Assignment of Mortgage failed to contain language purporting to assign the Note in accordance with the Statutory Form of Assignments of Mortgage contained in Rhode Island General Laws 34-11-12.

32. The Assignment is not "duly executed" in accordance with R.I.G.L. 34-11-1 and 34-11-24 because the signatory is not an employee of American Brokers Conduit or MERS and did not have authority to execute assignments on behalf of American Brokers Conduit or MERS.

33. MERS is not the lender regarding the above referenced transaction and further, by its own admission, is not a mortgage company.

34. The Assignment is void under R.I.G.L. 34-11-1 and 34-11-24.

35. The Assignment failed to assign the Note because Assignment was a "nullity" for failure to assign the note.

36. The Assignment of Mortgage failed to transfer the obligation in which the mortgage secured (ie. The Note).

37. The Assignment of Mortgage, in effect, disconnected the Mortgage security instrument from the Note and rendered the Mortgage unsecured

38. There is no Assignment of the CAITO Mortgage or Note from American Brokers Conduit to MERS or CITIBANK AS TRUSTEE.

39. CITIBANK AS TRUSTEE was not a valid mortgagee or assignee of the mortgagee that could invoke the Statutory Power of Sale pursuant to Rhode Island Law.

40. MERS is not the lender regarding the above referenced transaction and further, by its own admission, is not a mortgage company.

41. There is no Assignment of the CAITO Mortgage or Note from MERS to CITIBANK AS TRUSTEE.

42. CITIBANK AS TRUSTEE is not a valid mortgagee or assignee of the mortgagee that could invoke the Statutory Power of Sale pursuant to Rhode Island Law.

43. The Mortgage, contains language that provides for the Statutory Power of Sale in the event of a default on the note by CAITO.

44. The Mortgage clearly states that the *Lender (ie. American Brokers Conduit)*, upon default by the borrower, may invoke the Statutory of Sale.

45. The Mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

46. The Mortgage goes on to state that "If Lender invokes the statutory power of sale" Lender shall mail a copy of a notice of sale to Borrower.

47. The Lender (ie. American Brokers Conduit) never invoked the Statutory Power of Sale in this matter.

48. The Mortgage states that "Lender shall publish the notice of sale."

49. The Lender (ie. American Brokers Conduit) never published the notice of sale.

50. Defendants, which are not the Lender, wrongly and without contractual or statutory authority, are attempting to invoke the power of sale.

51. Defendants, which are not the Lender, wrongly published the notice of sale without contractual or statutory authority.

52. The actions taken by the Defendants, are without any force or effect relative to the invocation of the Statutory Power of Sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the Note and the Mortgage.

53. The foreclosure has not been noticed or scheduled or advertised as required by the Note and Mortgage.

54. MERS or CITIBANK AS TRUSTEE do not have standing to foreclose.

55. Rhode Island General Laws §34-11-21 "Statutory Mortgage Condition" provides that this conveyance is made upon the express condition, that if the mortgagor *shall pay to* the mortgagee or mortgagee's assigns, the principal and interest of that certain promissory note, than this deed as also the promissory note, shall become void.

56. Rhode Island General Laws §34-11-21 clearly contemplates the lender and the original mortgagee as being the same party because the lender or Lender's assigns are the only parties entitled *to payments* ie. enforcement of the note.

57. Since MERS was never assigned the Note and, by its' own definition, never accepts payments, an entity such as MERS that separates the mortgagee and the note holder from the deed's inception can not exist under Rhode Island General Laws.

58. Rhode Island General Laws §34-11-22 provides that a Mortgagee may invoke the statutory power of sale, however, that statute clearly contemplates the mortgagee and lender being the same party. In this instance, it is clearly stated in the Note and Mortgage that the Lender, and by necessary implication, not the Mortgagee or a "Nominee Mortgagee", that can invoke the power of sale.

59. The bifurcation of the CAITO Mortgage which granted the mortgage to MERS disconnected the CAITO Mortgage from the CAITO Note and rendered the CAITO Mortgage unsecured.

60. CITIBANK AS TRUSTEE is attempting to conduct an alleged foreclosure auction on CAITO's property while falsely claiming to be the holder of the Mortgage.

61. Plaintiff further contends that the Note they gave in return for being granted said mortgage loan was not in default at the time foreclosure action was commenced and/or completed. Moreover, Defendant, Citibank as Trustee knew that the Note given by Plaintiffs was not in default, yet proceeded to foreclosure anyway.

62. This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such falls within the jurisdiction of this Honorable Superior Court.

63. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

## COUNT I
### Injunctive Relief and Declaratory Judgment

64. The Plaintiff hereby reincorporates paragraphs 1 – 60 as if they were fully articulated herein.

65. Defendants have no interest in the property, the mortgage or note and, thus, have no standing to foreclose upon the note and mortgage.

66. The Mortgage and Assignments are not duly acknowledged or executed in accordance with R.I.G.L. 34-11-1, 34-11-12, and 34-11-24 and are "void" according to the statute.

67. The purported Mortgage is no longer valid and is void due to the bifurcaton and disconnection between the Mortgage and the Note.

68. The purported Assignment from MERS to CITIBANK AS TRUSTEE is invalid and void.

69. MERS and CITIBANK AS TRUSTEE have abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the CAITO has suffered compensable damages.

70. Plaintiff is being irreparably harmed by the actions of all of the Defendants.

71. Plaintiff has no other remedy at law but to seek the relief requested herein.

72. The Equities of the matter favor the Plaintiff.

73. Public Policy matters favor the Plaintiff.

**WHEREFORE**, CAITO prays for the following relief:

    a. Determine that the Mortgage is void in accordance with the requirements set forth in 34-11-1
    b. Determine that there are no assignments of record with regard to the mortgage;
    c. Determine that any Foreclosure Deed is null and void;
    d. Order that MERS and CITIBANK AS TRUSTEE have no interest in the subject property;
    e. Restrain MERS and CITIBANK AS TRUSTEE from commencing any further foreclosure actions or eviction actions against the Plaintiff or Plaintiff' tenants pending a trial on the merits of the Plaintiff's complaint,
    f. Award the Plaintiff compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact
    g. Award attorney's fees and costs
    h. Award such other relief as this Court deems just and proper.

## COUNT II
### Quieting Title
### Rhode Island General Law §34-16-5

74. The Plaintiff hereby realizes and reincorporates paragraphs 1 – 60 as if they were fully articulated herein.

75. The real estate as issue is located at 16 Yosemite Valley Road, Westerly, Rhode Island 02891.

76. CITIBANK AS TRUSTEE and CAITO make claim to the fee simple interest in the aforesaid property.

77. CAITO claims title to the property pursuant to a Deed recorded on or about December 2, 1987 in Book 318 Page 481 in the Land Evidence Records of the Town of Westerly.

78. CITIBANK AS TRUSTEE claims an adverse interest adverse to CAITO by way of an Assignment of Mortgage from MERS in the Land Evidence Records of the Town of Westerly in Book 1932 Page 724. The Assignment of Mortgage is invalid and void.

79. MERS claims an adverse interest to CAITO by way of a Mortgage recorded in Book 1541 Page 252 the Land Evidence Records of the Town of Westerly. The Mortgage is invalid.

80. CITIBANK AS TRUSTEE claims an adverse interest in the property, to wit, a Foreclosure Deed recorded in the Land Evidence Records of the Town of Westerly. The Foreclosure Deed is invalid

**WHEREFORE**, CAITO prays for the following relief:

i. Declare that any purported Assignment from MERS to CITIBANK AS TRUSTEE are invalid and failed to transfer title to said Mortgage and Note to CITIBANK AS TRUSTEE;
ii. That any foreclosure sale conducted by the Defendants, CITIBANK AS TRUSTEE or MERS, be declared void;
iii. That any Foreclosure Deed recorded by the Defendants is void;
iv. Injunctive relief staying CITIBANK AS TRUSTEE and MERS from proceeding with any eviction actions against the Plaintiff, Katherine L. Caito or his tenants;
v. Declare that the Plaintiff, CAITO, are the owners of the Property;
vi. Award the Plaintiff money damages from Defendants for all monetary damages including but not limited to attorneys' fees and such further relief as is just and equitable;
vii. Injunctive relief staying any foreclosure sale on the Property so that this case may adequately be heard prior to an unjust foreclosure; and
viii. Such other relief this Court deems fair and just.

Plaintiff,
Katherine L. Caito,
By her attorney,

Todd S. Dion Esq. (6852)
1319 Cranston Street
Cranston RI 02891
401-942-9924 Phone
401-270-2202 Fax

**DEMAND FOR JURY TRIAL**
Plaintiff hereby demands a trial by jury on all matters so triable as a matter of right.