UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATHERINE L. CAITO<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AND CITIBANK AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2006-3<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:13-cv-00429 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AND CITIBANK AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2006-3'S MOTION TO DISMISS**

**I. PRELIMINARY STATEMENT**

Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS") and CitiBank as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass Through Certificates Series 2006-3 ("CitiBank") (collectively, "Defendants"), move this Court to dismiss this case because Plaintiff, Katherine L. Caito ("Plaintiff"), has no standing to challenge the assignment of her mortgage, and because she has failed to plead sufficient facts to state a claim on which relief can be granted. Plaintiff is not a party to the assignment she challenges, and her allegations, if proven true, would render the assignment merely voidable. Only MERS and CitiBank may seek to avoid the assignment based upon Plaintiff's allegations. Furthermore, Plaintiff's allegations and claims challenging MERS' authority to assign and CitiBank's authority to foreclose rely on theories that this Court, the Rhode Island Supreme Court, and the First

Circuit Court of Appeals have decisively rejected. Plaintiff's remaining allegations and claims are conclusory, speculative and fail for lack of any factual support.

In further support of this motion to dismiss, Defendants submit the following:

## II. STATEMENT OF ALLEGATIONS

On June 6, 2006, Plaintiff signed a promissory note ("Note") for a $4,500,000 loan she obtained from American Brokers Conduit ("American Brokers"). (Note, Ex. A[1], p. 1.) The Note required Plaintiff to make monthly payments of $16,075.96 to repay the loan with interest. (*Id.* at p. 2.) The Note specifically provided that default would result if Plaintiff failed to pay the full amount of each monthly payment within fifteen calendar days of the date it was due. (*Id.* at p. 4.)

To secure the Note, Plaintiff mortgaged property located at 16 Yosemite Valley Road, Westerly, Rhode Island ("Property"). The mortgage ("Mortgage") named MERS as the mortgagee "solely as a nominee for Lender [i.e., American Brokers] and Lender's successors and assigns." (*Compl.,* ¶ 12; Mortgage, Ex. B, pp. 1-2.) The Mortgage granted and conveyed to MERS and "to the successors and assigns of MERS" legal title to the interests conveyed through the Mortgage. (Ex. B, p. 3.) The Mortgage specifically provided that, as mortgagee of the Mortgage, and as American Brokers' nominee, MERS "has the right to exercise any or all of [American Brokers'] interests, including, but not limited to, the right to foreclose and sell the

---

[1] The Federal Rules of Civil Procedure require the Court to consider not only the Plaintiffs' complaint but also matters fairly incorporated within the complaint. *In re Colonial Bankers Mortgage Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) ("[T]his rule is consistent with the axiom that a writing is the best evidence of its contents."). Defendants therefore submit certified copies of Plaintiff's Note (*Exhibit A*), Mortgage, (*Exhibit B*), Assignment of Mortgage (*Exhibit D*), and Mortgage Modification Agreement (*Exhibit C*). Defendants also submit Notice of her default (*Exhibit E*). Defendants request consideration of these documents at this pleading stage because these documents are fairly incorporated within Plaintiffs' Complaint

2
34467951v1 0948607

Property; and to take any action required of Lender…." (*Id.*) Through the Mortgage, Plaintiff granted American Brokers and American Brokers' successors and assigns the power to foreclose under the Statutory Power of Sale if Plaintiff defaulted on the loan. (*Id.*) The Mortgage was recorded at Book 1541, Page 252 in the land evidence records for the Town of Westerly on June 12, 2006. (*Id.* at p. 1.)

On September 25, 2006, Plaintiff signed a mortgage modification agreement with American Brokers. ("Modification Agreement," *Exhibit C.*) Through the Modification Agreement, Plaintiff and American Brokers agreed to "[r]ecord the correct [Adjustable Rate] Rider that should have been recorded original Deed of Trust." (*Id.* at p. 1.) The Adjustable Rate Rider in the Modification Agreement outlined the interest rate schedule that Plaintiff would be bound by under the terms of her Mortgage. (*Id.* at pp. 4-7.) The Modification Agreement provided that "[n]othing herein contained shall in any manner whatsoever alter, amend, modify, or change any other terms or conditions of the above referenced Note and Deed of Trust." (*Id.* at p. 1.) The Modification Agreement was recorded at Book 1581, Page 329 in the land evidence records for the Town of Westerly on October 23, 2006. (*Id.*)

On or about August 27, 2012, MERS assigned the Mortgage to CitiBank ("Assignment"). (*Compl.,* ¶ 21; Assignment, Ex. D, pp. 1-2.) Sarah Hix, Assistant Secretary for MERS ("Hix"), executed the Assignment. (Ex. D, p. 2) Hix's signature was witnessed and notarized, and the Assignment was recorded on October 9, 2012 at Book 1932, Page 724 in the Town of Westerly Real Property Records Office. (*Id.* at pp. 1-2.) On October 19, 2012, CitiBank sent Plaintiff notice of default and intent to accelerate. (Notice of Default, *Exhibit D.*)

On June 30, 2013, in an attempt to stall foreclosure, Plaintiff filed this complaint advancing two causes of action. In Count I, Plaintiff seeks declaratory judgment that the

3
34467951v1 0948607

Mortgage was void according to R.I. Gen. Laws § 34-11-1 and that there was no assignment of record with regard to the Mortgage thereby nullifying any foreclosure and the Defendants' interest in the Property. (*Compl.*, ¶¶ 64-73.) In Count II, Plaintiff seeks to quiet title to the Property in her favor pursuant to R.I. Gen. Laws § 34-16-5 on the grounds that the Assignment by MERS to CitiBank was invalid, failed to transfer title to CitiBank, and voids any foreclosure sale by CitiBank. (*Id.* at ¶¶74-80.)

Plaintiff's claims against Defendants are constructed from three categories of allegations. First, Plaintiff challenges the validity of the Assignment, asserting that CitiBank never acquired an interest in the Mortgage that would permit it to foreclose on the Property. (*Compl.*, ¶ 39.) Second, Plaintiff alleges that CitiBank cannot proceed with foreclosure because CitiBank was not the original lender on the Note, and, according to Plaintiff, only the originating lender has the power to invoke the Statutory Power of Sale. (*Id.* at ¶¶ 44-47.) Third, Plaintiff asserts a myriad of conclusory and speculative allegations: Plaintiff is not presently and never has been in default under the terms of the Mortgage; the Mortgage was not an enforceable contract because Plaintiff was unaware of the provisions for assignment of the interests in the Mortgage that were contained in the agreement, and so there was no meeting of the minds between Plaintiff, American Brokers, and MERS with respect to the Mortgage's terms; and the Assignment was not recorded in compliance with Rhode Island law. (*Id.* at ¶¶ 15, 53, 61.)

### III.  STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff." *Watterson v.*

*Page*, 987 F.2d 1, 3 (1st Cir. 1993). "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 276 (1st Cir. 1993) (internal quotations omitted). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." *U.S. v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 566 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *accord Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

# IV. LEGAL ARGUMENT

## A. PLAINTIFF LACKS STANDING TO ASSERT VOIDABLE CHALLENGES TO THE ASSIGNMENT OF MORTGAGE

The Court should dismiss the complaint because Plaintiff has no standing to challenge the Assignment. Although Plaintiff proclaims a void assignment, the allegations in the complaint, if proven true, would render the Assignment merely voidable at either MERS' or CitiBank's election. Plaintiff has no standing to sue because her challenge to the Assignment does not fall within the limited exception to the general rule that non-parties do not have standing to challenge the validity of a contract.

Under Rhode Island law, persons who are not party to a contract "lack standing to either assert rights under that contract or challenge its validity." *Mruk v. Mortgage Elec. Registration Sys., Inc.*, 82 A.3d 527, 536 (R.I. 2013). In *Mruk*, 82 A.3d at 536, the Rhode Island Supreme Court carved out an exception to this prohibition by adopting the reasoning and guidance of *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282 (1st Cir. 2013). The Supreme Court's exception provides residential mortgagors standing to challenge the assignment of their mortgages—but only "to the extent necessary to contest the foreclosing entity's authority to foreclose." *Id.* In other words, mortgagors may only challenge assignments that were "invalid, ineffective, or void" to begin with. *Id.* Mortgagors may not challenge assignments that are "merely voidable" at one of the principals' election. *Id.* Thus, when faced with a homeowner's challenge to an assignment of mortgage to which he or she is neither party nor third-party beneficiary, courts must review standing by inquiry into whether the homeowner's allegations, if proven true, would render a mortgage assignment "void" or merely "voidable." *Id.*

The distinction between void and voidable challenges to assignments of mortgage has now been analyzed at length in both federal and state courts in Rhode Island. In the context of

6

residential mortgages, our state and federal courts have adopted the First Circuit's counsel that a void mortgage assignment is one in which the putative assignor "never properly held the mortgage and, thus had no interest to assign." *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013) (citing *Culhane*, 708 F.3d at 291)). A void challenge to an assignment of mortgage requires the mortgagor to assert facts, which if proven true, would demonstrate that the assignor never properly held the mortgage or a legally transferable interest in the mortgage. *Wilson v. HSBC Mortg. Services, Inc.*, 744 F.3d 1, 9 (1st Cir. 2014) (quoting *Woods*, 733 F.3d at 354)). By contrast, a voidable challenge to the assignment of mortgage asserts shortcomings in the assignment itself. *See Clark v. Mortgage Elec. Registration Sys., Inc.,* 7 F.Supp.3d 169, 177 (D.R.I. 2014). In previous decisions, this Court has concluded that common voidable challenges to assignments include: (1) the assignment's signatory lacked authority to assign; (2) no power of attorney authorizing the executing individual was recorded; (3) a robo-signer executed the assignment; (4) the assignor did not hold both the note and mortgage at the time of assignment; and (5) the assignment was not notarized on the same day it was executed. *See e.g. Clark.,* 7 F.Supp.3d at 178-180; *Era v. Morton Community Bank*, 8 F.Supp.3d 66, 72 (D.R.I. 2014); *Lister v. Bank of America, N.A.*, 8 F.Supp.3d 74, 81-82 (D.R.I. 2014); *Rashid v. Mortgage Elec. Regis. Sys., Inc.*, No. 13-028-M-LDA, 2014 WL 1429237, at *2 (D.R.I. Apr. 14, 2014).

In this case, there is no dispute that Plaintiff is a stranger to the Assignment; only MERS and CitiBank are parties to this agreement. (*See* Assignment, *Exhibit D*.) Plaintiff has not alleged facts sufficient to challenge MERS' authority to assign the Mortgage. Instead, she first raises voidable challenges by alleging shortcomings in the Assignment itself. Plaintiff alleges that the Assignment was invalid because the individual who executed the Assignment, Hix, and also the witnesses to the execution, were not MERS employees, but rather "employees of a

company called Security Connections Inc., a sweatshop for forged mortgage documents." (*Compl.*, ¶ 27.) Plaintiff further alleges that that Hix did not have personal knowledge of any transfer of the Mortgage from American Brokers or MERS to CitiBank, and so the Assignment was not "duly executed" according to R.I. Gen. Laws §§ 34-11-1 and 34-11-24. (*Id.* at ¶¶ 27-29, 32.) Allegations that Hix did not have personal knowledge of the transfer, or that Hix did not have MERS' authority to execute the Assignment, do not challenge MERS' authority to assign the Mortgage to CitiBank. Instead, Plaintiff's allegations merely identify infirmities in the Assignment itself, which only parties to the agreement could ratify or avoid at their election. Consequently, these allegations are insufficient to establish standing to challenge the Assignment.

Plaintiff also alleges that the Assignment did not contain language conveying the Note from MERS to CitiBank, thereby failing to conform to the Statutory Form of Assignments of Mortgage laid out in R.I. Gen. Laws § 34-11-12. (*Compl.,* ¶ 31.) An allegation that MERS did not fashion the Assignment according to the form prescribed in the Rhode Island General Laws does not challenge the parties' authority to assign or act on the Mortgage. This allegation supports nothing more than a challenge to the face of the Assignment and fails to support any objection to MERS' authority to assign. Even if the evidence supported Plaintiff's allegation, only MERS or CitiBank could assert failure to conform to the statutory form as grounds for avoiding the agreement. Plaintiff's alleged errors in the Assignment would render the agreement merely voidable, and consequently, Plaintiff has no standing to challenge the Assignment and the Court should dismiss the Complaint.

## B. PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT OVERCOME THE PRESUMPTIVE VALIDITY OF THE ASSIGNMENT.

Even if this Court were to allow Plaintiff's attack on the facial infirmities of the Assignment, Plaintiff has failed to allege facts sufficient to overcome the Assignment's presumptive validity. Defendants enjoy a "presumption of law" favoring the validity of MERS' assignment of its interests in the Mortgage to CitiBank. *See Dolan v. Hughes*, 20 R.I. 513, 40 A. 344 (1898) (citing *Johnson v. Thayer*, 17 Me. 403 (1840)). To challenge the validity of the Assignment and overcome this presumption, Plaintiff must offer clear and convincing evidence to support her claim that the Assignment was invalid. *Id. See also Van Hoecke v. First Franklin Financial Corp.*, No. KC 2009-0743, 2013 WL 1088825, at *4 (R.I. Super. Ct., Mar. 7, 2013) (citing 65 Am. Jur. 2d *Quieting Title* § 73 ("[i]n a quiet title action, there is a presumption in favor of the record titleholder, and the evidence to overcome that presumption must be clear and convincing")); *Cafua v. Mortg. Elec. Registration Sys., Inc.*, No. PC 2009-7407, 2012 WL 2377404, at *8 (R.I. Super. Ct. June 20, 2012).

Here, Plaintiff offers no evidence to contradict the Assignment's presumptive validity. Instead, she resorts to conclusory allegations and legal opinions: that Hix lacked authority to execute the Assignment and was an employee of Security Connections and not MERS; that Hix had no personal knowledge of the alleged transfer of the Note and the Mortgage to CitiBank, and that she had no authority to execute the Assignment on behalf of American Brokers or MERS. (*Compl.,* ¶¶ 27, 32.) The Assignment, however, offers undisputed evidence that that Hix was Assistant Secretary for MERS, and that she executed the Assignment on MERS' behalf. (Assignment, Ex. D, pp. 1-2.) The Assignment also recites that MERS "does hereby grant, assign, transfer, and set over unto CitiBank," proof positive of Hix's knowledge of the transfer. (*Id.* at p. 1.) Plaintiff may not overcome the presumption that the Assignment was valid by mere

9

conclusion. Without allegations of clear and convincing evidence to overcome the Assignment's presumptive validity, Plaintiff cannot sustain a challenge to the validity of the Assignment and the Court should dismiss the Complaint.

## C. PLAINTIFF HAS NO LEGAL BASIS TO CHALLENGE MERS' AUTHORITY TO ASSIGN HER MORTGAGE.

Plaintiff's challenge to the Assignment includes a theory that MERS lacks authority to act as mortgagee, which courts in this jurisdiction have consistently rejected. The Rhode Island Supreme Court has affirmed MERS' authority to serve as a mortgagee to a mortgage when it is designated as such in a mortgage agreement, and the Court routinely enforces mortgages providing MERS the authority to assign its mortgagee interests to third parties. *See Bucci v. Lehman Bros. Bank, FSB*, 68 A.3d 1069 (R.I. 2013) and *Mruk v. Mortgage Elec. Regis. Sys., Inc.*, 82 A.3d 527 (R.I. 2013). In *Bucci*, the Rhode Island Supreme Court held that a mortgage agreement, which explicitly conveys to MERS and its assigns the Statutory Power of Sale, permits MERS to "be a mortgagee as that term is used in § 34-11-22." *Bucci,* 68 A.3d at 1081. It found that MERS "has the contractual authority to exercise [the right to foreclose]." *Id.* at 1084.[2] The Court also rejected the argument Plaintiff makes here that only the original lender has authority to foreclose. *Id.* at 1081. In *Mruk*, 82 A.3d at 537, the Court concluded that MERS had authority as mortgagee under the mortgage agreement to assign the mortgage to a third party, and that when MERS assigned the mortgage to Federal National Mortgage Association ("Fannie Mae"), Fannie Mae acquired the Statutory Power of Sale by way of assignment and had the authority to exercise the power of sale when the borrower defaulted. *Id.*

---

[2] The mortgage agreement in *Bucci* uses identical language as the mortgage agreement in this case to convey to MERS and its assigns the power of sale. *Compare Bucci*, 68 A.3d at 1081 *with* Mortgage, Ex. B, pp. 2-3.

10

Beyond *Bucci* and *Mruk*, the Rhode Island Supreme Court continues to issue decisions that directly undermine the viability of Plaintiff's MERS allegations. Our Supreme Court repeatedly ratifies the principle that MERS has the capacity to serve as mortgagee in a mortgage agreement, and that MERS has the capacity to assign its interests in a mortgage to another entity. *See, e.g., Ingram v. Mortgage Elec. Regis. Sys., Inc.*, 94 A.3d 523, 528 (R.I. 2014) (finding, "as a matter of law," that MERS could serve as mortgagee with the Statutory Power of Sale and has the ability to assign its interests in the mortgage, according to the express terms of the mortgage agreement in question); *Moura v. Mortgage Elec. Regis. Sys., Inc.,* 90 A.3d 852, 858 (R.I. 2014) (citing *Bucci*, dismissing plaintiffs' argument that MERS did not have the authority to make a mortgage assignment); *Rutter v. Mortgage Elec. Regis. Sys., Inc.*, 86 A.3d 381, 382-383 (R.I. 2014) (upholding a mortgage assignment by MERS to a third party because the terms of the mortgage granted to "MERS and its assignees" the Statutory Power of Sale, meaning necessarily that the parties to the mortgage intended to grant MERS the power to assign). Most recently, the Court summarily denied and dismissed by order the appeals of six plaintiffs challenging MERS' capacity to be a mortgagee. *See Casimiro v. Mortgage Elec. Regis. Sys., Inc.*, 99 A.3d 985 (R.I. 2014) (Mem.); *O'Leary v. Mortgage Elec. Regis. Sys., Inc.*, 99 A.3d 986 (R.I. 2014) (Mem.); *Woodruff v. Mortgage Elec. Regis. Sys., Inc.*, 99 A.3d 990 (R.I. 2014) (Mem.); *Dennis v. Quicken Loans*, No. 13-268, slip op. (R.I. filed Sep. 25, 2014); *Orlando v. Mortgage Elec. Regis. Sys., Inc.*, 99 A.3d 989 (R.I. 2014) (Mem.); and *Moura v. OneWest Bank, FSB*, 99 A.3d 987 (R.I. 2014) (Mem.). In ordering those dismissals, the Court reiterated that "[the] assertion that MERS could not hold the mortgage without the promissory note and [has] no authority to assign the mortgage in this case is . . . without merit," *O'Leary*, 99 A.3d at 987, and that "[i]t is well settled

that MERS may serve as mortgagee without holding the promissory note." *Woodruff*, 99 A.3d at 991.

In this case, Plaintiff expressly agreed that MERS would be the mortgagee of her mortgage. (Mortgage, Ex. B, p. 1.) Plaintiff conveyed to MERS "legal title to the interests granted by Borrower in this Security Agreement," and the terms of the mortgage explicitly provide that MERS' interests were assignable. (*Id.* at p. 3.) Throughout the complaint, Plaintiff spins a variety of allegations to challenge MERS' authority as mortgagee and MERS' assignment of the Mortgage. (*Compl.* ¶¶ 14-17, 30, 33, 38, 40-41, 54.) Plaintiff's claims and allegations ignore well settled law in this jurisdiction, which authorize each and every act MERS undertook in relation to the Mortgage, including acting as mortgagee, and assigning the Mortgage to CitiBank. Just as Plaintiff cannot ignore the fact that she executed a Mortgage through which she agreed that MERS would be her mortgagee, Plaintiff cannot ignore conclusive precedent that rejects her MERS theories.

Plaintiff fails to allege any facts in relation to the Modification Agreement to dispute MERS' assignment to CitiBank. In a further attempt to dispute the Assignment, Plaintiff alleges that neither MERS nor CitiBank is mentioned in the Modification Agreement, that the agreement purports to be with American Brokers but is executed by American Home Mortgage. (*Compl.* ¶¶ 18-20.) Review of the Modification Agreement demonstrates, however, that Plaintiff agreed with her originating lender, American Brokers, to clarify the interest rate on the loan. The Modification Agreement did not, however, "in any manner whatsoever alter, amend, modify, or change any other terms or conditions of the…Note and Deed of Trust." (Modification Agreement, Ex. F, p. 1.) Plaintiff's modification of the terms of her loan from American Brokers did not eliminate or alter MERS' authority as mortgagee or ability to assign the Mortgage.

12

Moreover, there is no reason why the Modification Agreement would have "mentioned" CitiBank. (*Compl.*, ¶ 20.) MERS did not assign the Mortgage to CitiBank until October of 2012, nearly six years after Plaintiff executed the Modification Agreement.

Plaintiff's complaint presents no allegations and ignores Rhode Island law in attempting to challenge MERS' authority to act as mortgagee and to assign the Mortgage to CitiBank. Defendants request dismissal of Plaintiff's Complaint simply because Rhode Island law does not support Plaintiff's conclusions regarding MERS authority.

**D. PLAINTIFF HAS NO LEGAL BASIS TO CHALLENGE CITIBANK'S AUTHORITY TO FORECLOSE UNDER RHODE ISLAND'S STATUTORY POWER OF SALE.**

Case law in this jurisdiction directly contradicts Plaintiff's claim that CitiBank cannot exercise the Statutory Power of Sale because it was not the originating lender. The Rhode Island Supreme Court, in *Bucci* and *Mruk*, held that a mortgagee and its assigns, acting in a nominee capacity for the noteholder, are empowered to invoke the power of sale on the noteholder's behalf. *Bucci,* 68 A.3d at 1087-88; *Mruk*, 82 A.3d at 537. The non-judicial foreclosure process generally, including the right to invoke the power of sale, is contractual. *Bucci*, 68 A.3d at 1087-88. The mortgage in *Bucci* and Plaintiff's Mortgage contain precisely the same language, both conveying the statutory power of sale to the lender and lender's successors and assigns. (Mortgage, Ex. B, p. 3.) *See Bucci*, 68 A.3d at 1081. The Mortgage's grant of the Statutory Power of Sale to "Lender" also binds and benefits the lender's successor and assigns, which in this case is CitiBank. (*Id.*) *See Bucci*, 68 A.3d at 1081; *see also Ingram v. Mortgage Elec. Regis. Sys, Inc.*, 94 A.3d 523, 528 (R.I. 2014) (holding that mortgagee MERS possessed statutory power of sale as a matter of law). Here, Plaintiff's allegation that CitiBank cannot invoke the Statutory Power of Sale because only the original lender, American Brokers, may do so, fails to state a claim under Rhode Island law. (*Compl.,* ¶¶ 44-47, 56.)

**E. PLAINTIFF FAILS TO ALLEGE ANY FACTS SUFFICIENT TO CHALLENGE THE RECORDING OF THE ASSIGNMENT OF MORTGAGE.**

Plaintiff claims that the Assignment is void pursuant to Rhode Island's recording statute, R.I. Gen. Laws § 34-11-1, but alleges no facts to plausibly support this conclusion. (*Compl.,* ¶ 29.) Rhode Island's recording statute requires all conveyances of land to be in writing, executed, acknowledged and recorded in land evidence records of the town or city where the property is situated. R.I. Gen. Laws § 34-11-1 (1956). In this case, the Assignment was signed, witnessed, notarized and recorded in the land evidence records for the Town of Westerly. (Assignment, *Exhibit D.*) Review of the Assignment in question demonstrates conclusively that MERS and CitiBank complied with Rhode Island's recording statute.

**F. PLAINTIFF HAS NO LEGAL BASIS TO CHALLENGE CITIBANK'S AUTHORITY FORECLOSE ON HER MORTGAGE BY DEMANDING POSSESSION OF THE NOTE.**

Although it is well-settled law that a mortgagee need not possess the note to foreclose on a mortgage, Plaintiff claims that CitiBank may not invoke the power of sale because it does not also hold the Note. (*Compl.,* ¶ 36-38.) The Rhode Island Supreme Court rejected Plaintiff's theory in *Bucci,* concluding that Rhode Island law permits the authorized agent of the note holder to stand in the shoes of the mortgagee. 68 A.3d at 1086-87; *see also Clark,* 7 F.Supp.3d at 178-180 (holding that plaintiff lacked standing where he asserted assignment was void because MERS did not hold both mortgage and note at time of execution and acknowledging universal rejection of alleged unity requirement); *Mruk*, 82 A.3d at 537 ("[T]he transactional structure whereby equitable title to the mortgage was held by the lender and by each of its successors and assigns . . . while MERS held legal title to the mortgage was consistent with the law of this state.") This Court has recognized that the MERS framework, which separates the legal from the beneficial interest, is consistent with Rhode Island law. *See In re Mortgage Foreclosure Cases*, No. 11-mc-88-M-LDA, 2013 WL 4735638 at *3 (D.R.I. Sept. 3, 2013). Thus, Plaintiff's

allegation that CitiBank is prohibited from initiating foreclosure without demonstrating possession of Note fails to state a viable challenge to Defendants' authority to foreclose.

## G. PLAINTIFF HAS ALLEGED NO FACTS SUFFICIENT TO CHALLENGE NOTICE OF THE FORECLOSURE SALE.

Plaintiff claims that only American Brokers—and not the Defendants—had the authority to notice default and initiate foreclosure under Rhode Island's Statutory Power of Sale. (*Compl.*, ¶ 53.) The Rhode Island Supreme Court, in *Bucci* and *Mruk*, concluded that MERS or its assigns, even without the original note holder, has the power to initiate foreclosure. *See* Mruk, 82 A.3d at 537-38; Bucci, 68 A.3d at 1085-89. Most recently, the Rhode Island Supreme Court rejected the very same argument Plaintiff advances in this case in *Breggia v. Mortgage Elec. Regis Sys., Inc.*, No. 13-79, slip op. at 7 (R.I. Nov. 21, 2014). In *Breggia*, the borrower plaintiffs did not deny receiving notice of the foreclosure but claimed that only their originating lender had the power to notice and conduct the foreclosure. *Id.* The Rhode Island Supreme Court concluded that the originating lender was not required to initiate foreclosure where any assignee of the mortgage had commenced foreclosure. *Id.*

Here, the Mortgage expressly provided MERS "the right to foreclose and sell the Property; and to take any action required of Lender," that MERS has a right to exercise American Brokers' interests in the Property "if necessary to comply with law or custom," and that these rights can be assigned. (*Id.*) The Mortgage contains precisely the same language referenced by the Rhode Island Supreme Court in *Bucci* and *Mruk* and requires the exact same result as in *Breggia*.

## H. PLAINTIFF HAS ALLEGED NO FACTS SUFFICIENT TO CHALLENGE DEFAULT ON THE NOTE.

Finally, Plaintiff disputes foreclosure by claiming first that "there was never a meeting of the minds between MERS and [Plaintiff]," so the Mortgage itself was invalid, and second, that

15

her Note is current and so CitiBank has no power to foreclose. (*Compl.*, ¶¶ 15, 61.) Plaintiff does not allege any facts to sustain either of these claims. Instead, Plaintiff makes the bald assertion that she was "misled" into believing that American Brokers, and not MERS, was the designated mortgagee of the mortgage agreement. Despite claiming that she did not knowingly agree to the terms of the Mortgage, Plaintiff initialed each page of the mortgage agreement, and executed the agreement on Page 14, which acknowledged her understanding and acceptance of the terms and conditions of the Mortgage. Review of the Mortgage itself rejects Plaintiff's conclusory allegations. (*Exhibit B.*) With respect to Plaintiff's claim that the Mortgage and Note are current, this Court recently rejected precisely the claim that Plaintiff is making here in *Clark v. Mortgage Elec. Registration Sys., Inc.,* 7 F.Supp.3d 169, 177 (D.R.I. 2014). In that case, the Court noted that the plaintiff "failed to plead a single factual allegation that would allow [the] Court to determine if his assertion on this point is at all plausible." *Clark*, 7 F.Supp.3d at 181. Here, as in *Clark*, Plaintiff offers no fact allegation to demonstrate that she was not in default. Plaintiff's conclusory and speculative assertions fail to plead fact sufficient to state a claim upon which relief can be granted, and the Court should therefore dismiss her complaint.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss.

34467951v1 0948607

Respectfully submitted,

CITIBANK AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2006-3 AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By Their Attorney,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, #7075
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
(401) 751-0842
(401) 751-0072 (facsimile)

Dated: November 26, 2014

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 26, 2014.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

34467951v1 0948607