UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATHERINE L. CAITO<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AND CITIBANK AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2006-3<br><br>Defendants. | CIVIL ACTION NO. 1:13-cv-00429 |

**DEFENDANTS, CITIBANK AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2006-3 AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I. PRELIMINARY STATEMENT**

In response to Defendants' November 26, 2014 Motion to Dismiss, Plaintiff, Katherine Caito ("Plaintiff"), filed an amended complaint, through which she continues to dispute the assignment of her mortgage but once again relies on voidable challenges alone. In the prior iteration of this lawsuit, Plaintiff alleged shortcomings in the assignment itself, arguing that the individual who executed the assignment did not have authority to sign or personal knowledge of the loan transfer. This Court, the First Circuit Court of Appeals and the Rhode Island Supreme Court have all dismissed these claims for lack of standing. Now, Plaintiff challenges the assignment by claiming error in the Defendants' compliance with the terms of a Pooling and Servicing Agreement ("PSA"), and yet again Plaintiff's challenge, if proven true, would render the assignment voidable. Mortgage Electronic Registration Systems, Inc. ("MERS") and Citibank as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass Through Certificates Series 2006-3 ("Citibank") were parties to the assignment, and only MERS

and Citibank may seek to avoid the assignment based upon Plaintiff's allegations. Because Plaintiff was not party to the assignment, she lacks standing to challenge the agreement on voidable and has no legal basis to pursue these claims.

In further support of their Motion to Dismiss, Defendants submit the following.

## II. STATEMENT OF ALLEGATIONS

On June 6, 2006, Plaintiff executed a mortgage in the amount of $4,500,000 to American Brokers as lender and MERS as mortgagee (the "Mortgage"). (Amended Complaint, Doc. No. 9-1, ¶10.) The Mortgage secured repayment of a loan and promissory note for the principal amount of $4,500,000 ("Note") with property located at 16 Yosemite Valley Road, Westerly, Rhode Island ("Property"). (*See* Mortgage, attached hereto as *Exhibit A*.[1]) The Mortgage was recorded in the land evidence records of the Town of Westerly on June 12, 2006, at Book 1541, Page 252. (*Id.* at p. 1.)

Following origination, Plaintiff's Mortgage loan was sold, transferred and deposited into a trust identified as the American Home Mortgage Assets Trust 2006-3 ("Trust"), with Citibank serving as Trustee. (Amended Complaint, Doc. No. 9-1-, ¶11; s*ee also* excerpts of Pooling and Servicing Agreement, attached hereto as *Exhibit B*.) According to Plaintiff, the Trust closed as of July 28, 2006 and could no longer accept transfer of any mortgages without losing its REMIC status under the Internal Revenue Code as of October 28, 2006. (Amended Complaint, Doc. No. 9-1, ¶¶11-12.) Plaintiff claims that the Note was endorsed or transferred to Trust on August 27, 2012. (*Id.* at ¶13.) On August 27, 2012, MERS assigned the Mortgage to Citibank via recorded

---

[1] The Federal Rules of Civil Procedure require the Court to consider not only the Plaintiff's complaint but also matters fairly incorporated within the complaint. *In re Colonial Bankers Mortgage Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) ("[T]his rule is consistent with the axiom that a writing is the best evidence of its contents."). Defendants therefor submit copies of Plaintiff's Mortgage (*Exhibit A*), excerpts of the PSA in question (*Exhibit B*), and the Assignment (*Exhibit C*). Defendants request consideration of these documents at this pleading stage because these documents are fairly incorporated within Plaintiff's Complaint.

assignment ("Assignment"). (Amended Complaint, Doc. No. 9-1, ¶13; *see also* Assignment, attached hereto as *Exhibit C*.) The Assignment was recorded in the land evidence records for the Town of Westerly on October 9, 2012 at Book 1932, Page 724. (*Id.*)

In her Amended Complaint, Plaintiff now argues that the Assignment of Mortgage and transfer of Note are void *ab initio* because the transfers were made after the closing date of the Trust and therefore in contravention of the Trust's terms. (Amended Complaint, Doc. No. 1-1, ¶¶14-16.) Plaintiff further claims a void assignment due to the adverse tax consequences of the Trust losing its status as REMIC trust under the Internal Revenue Code. (*Id.* at ¶17.) Based upon these claims, Plaintiff seeks a declaratory judgment that the Assignment was void, a declaration that there were no proper assignments of record with regard to the mortgage, an order that Citibank has no interest in the Property, and an award of legal fees, costs, and damages. (*Id.* at ¶¶19-25.) Plaintiff further seeks to quiet title to the Property in her favor based upon the same claims. (*Id.* at ¶¶ 26-31.)

### III.  STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 276 (1st Cir. 1993) (internal quotations omitted). This standard "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized."

3

*U.S. v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate where pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 566 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). With regard to the assignment challenges, in particular, this Court "must conduct an inquiry to determine whether a plaintiff's allegations are that a mortgage assignment was void, or merely voidable." *Wilson v. HSBC Mortg. Serv.*, 2014 WL 563457, *5 (1st Cir. Feb. 14, 2014).

### IV.  LEGAL ARGUMENT

This Court should dismiss Plaintiff's Amended Complaint because Plaintiff lacks standing to challenge the Assignment of Mortgage based upon allegations concerning compliance with the Trust's PSA. Under Rhode Island law, a mortgagor has standing to challenge the assignment of a mortgage only in limited circumstances, and as an exception to the general rule prohibiting a non-party from challenging a contract. *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527, 536 (R.I. 2013) (citing *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013)). A mortgagor may challenge the assignment only

4

on void, invalid or ineffective grounds; in particular where there are facts alleging that the assigning party lacked authority. *Clark v. Mort. Elec. Registration Sys., Inc.*, 7 F.Supp.3d 169, 177 (D.R.I. Mar. 27, 2014). However, a "mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." *Id.*; *see also Mruk*, 8 A.3d at 536 (citing *Culhane*, 708 F.3d at 291).

The distinction between void and voidable challenges to assignments of mortgage has now been analyzed at length in both federal and state courts in Rhode Island. In the context of residential mortgages, our state and federal courts have adopted and endorsed the First Circuit's holding that a void mortgage assignment is one in which the putative assignor "never properly held the mortgage and, thus had no interest to assign." *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013) (citing *Culhane*, 708 F.3d at 291)). To challenge an assignment of mortgage as void, a mortgagor must assert facts, which if proven true, would demonstrate that the assignor never properly held the mortgage or a legally transferable interest in the mortgage. *Wilson v. HSBC Mortg. Services, Inc.*, 744 F.3d 1, 9 (1st Cir. 2014) (quoting *Woods*, 733 F.3d at 354)). By contrast, a mortgagor who asserts shortcomings in the assignment itself only raises a voidable challenge and does not have standing to sue. *See Clark v. Mortgage Elec. Registration Sys., Inc.,* 7 F.Supp.3d 169, 177 (D.R.I. 2014). In previous decisions, this Court has dismissed several cases for lack of standing where borrowers raise common voidable challenges to assignments including: (1) the assignment's signatory lacked authority to assign; (2) no power of attorney authorizing the executing individual was recorded; (3) a robo-signer executed the assignment; (4) the assignor did not hold both the note and mortgage at the time of assignment; and (5) the assignment was not notarized on the same day it was executed. *See e.g. Clark.,* 7

34483852v1 0948607

F.Supp.3d at 178-180; *Era v. Morton Community Bank*, 8 F.Supp.3d 66, 72 (D.R.I. 2014); *Lister v. Bank of America, N.A.*, 8 F.Supp.3d 74, 81-82 (D.R.I. 2014); *Rashid v. Mortgage Elec. Regis. Sys., Inc.*, No. 13-028-M-LDA, 2014 WL 1429237, at *2 (D.R.I. Apr. 14, 2014).

The First Circuit has specifically reviewed whether a mortgagor has standing to challenge the assignment by claiming non-compliance with the trust's PSA, and following the reasoning of *Wilson*, *Woods* and *Culhane* has denied standing and affirmed dismissal of the very same claims pleaded in this action. *Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28 (1st Cir. 2014). In *Butler*, 748 F.3d at 34, plaintiff mortgagor claimed that the assignment of mortgage into trust was void because it took place two years after the trust's closing date. The Trust argued that plaintiff lacked standing to challenge assignments that violate a trust's PSA because plaintiff was neither party to nor third-party beneficiary of the assignment. *Id.* at 35, 37. The First Circuit affirmed dismissal of the complaint for lack of standing under *Culhane*, and in doing so rejected the mortgagor's argument that disregard of a PSA renders an assignment void. The Court concluded that plaintiff had only presented facts sufficient to prove that the assignment was voidable based upon a finding that "[u]nder Massachusetts law…it is clear that claims alleging disregard of a trust's PSA are considered voidable, not void." *Id.* at 37 (internal citations omitted.)

The Second Circuit Court of Appeals agrees with the First Circuit. In *Rajamin v. Deutsche Bank National Trust Company, N.A., as Trustee*, 757 F.3d 79, 87-88 (2nd Cir. 2014), plaintiff mortgagors challenged foreclosure by claiming that the assignments of mortgages were void for failure to comply with PSA terms and New York law governing trusts. The Second Circuit, applying New York law, concluded that plaintiffs had alleged unauthorized acts of a trustee, acts that would render an agreement voidable as opposed to void, and which acts could

34483852v1 0948607

only be raised by a party or third-party beneficiary of the agreement. *Id.* at 90. In doing so, the Second Circuit rejected a New York state court decision, *Wells Fargo Bank, N.A. v. Erobobo*, 39 Misc.3d 1220(A), 2013 WL 1831799 (Sup.Ct. Kings Co. Apr. 29, 2013), upon which Plaintiff in this action relies in claiming a void assignment. (Amended Complaint, Doc. No. 9-1, ¶16.) In the *Erobobo* decision, the trial court stated that every sale, conveyance or act of a trustee in contravention of a trust is void. *Rajamin*, 757 F.3d at 89. The Second Circuit, however, found that the trial court's statement lacked any citation or discussion of New York law and that most courts in other jurisdictions, including our First Circuit, have interpreted a transfer that violates the terms of a PSA as voidable, rather than void. *Id.*

In this case, Plaintiff is without question neither a party to, nor a beneficiary of the Assignment; the agreement was between MERS and Citibank and did not involve or affect the mortgagor. (*See* Assignment, Ex. C.) Nevertheless, Plaintiff challenges the Assignment based upon two claims, both of which focus on alleged violations of the terms of the PSA. First, Plaintiff alleges that the August 27, 2012 Assignment of Mortgage occurred after the Trust's closing date of July 28, 2006, contravening the terms of the Trust's PSA, rendering the Assignment ineffective and void *ab initio*. (Amended Complaint, Doc. No. 9-1, ¶¶11-14.) Plaintiff presents precisely the same claim made by the mortgagor in *Butler*. Applying the reasoning and guidance that decision as well as *Culhane*, *Woods*, and *Wilson*, Plaintiff has presented allegations that are only sufficient to demonstrate that the Assignment was voidable. Second, Plaintiff alleges that the Assignment contravened the Trust due to adverse tax consequences and the Trust losing REMIC status under the Internal Revenue Code. (*Id.* at ¶17.) Once again, Plaintiff attempts a challenge of the terms of the PSA as means of voiding the Assignment of her Mortgage but instead raises only a voidable challenge.

7

34483852v1 0948607

Our First Circuit has determined that the challenges to PSA that Plaintiff raises in this Amended Complaint would render the Assignment voidable, and, more importantly only at the election of a party or third-party beneficiary to the Assignment agreement. *Butler*, 748 F.3d at 37. The Second Circuit, citing to *Butler* with approval, has rejected the *Erobobo* reasoning that forms the basis of Plaintiff's claims of a void assignment finding that the New York state court decision contravenes the rule in most jurisdictions that a transfer violating the terms of a PSA is voidable. *Rajamin*, 757 F.3d at 90. Because courts in this jurisdiction require a mortgagor to allege facts or claims which, if proven true, would demonstrate a void challenge to an assignment of mortgage; and because Plaintiff has only alleged facts sufficient to prove a voidable challenge, Plaintiff has no standing to advance the allegations of the Amended Complaint. Application of the reasoning and guidance of *Culhane* and its progeny, and in particular *Butler*, to the facts of this case compels dismissal of Plaintiff's Amended Complaint for lack of standing.

## V. CONCLUSION

For the reasons stated above, Defendants, Citibank as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass Through Certificates Series 2006-3 and Mortgage Electronic Registration Systems, Inc., respectfully request dismissal of Plaintiff's Amended Complaint.

34483852v1 0948607

Respectfully submitted,

CITIBANK AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2006-3 AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By Their Attorney,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, #7075
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
(401) 751-0842
(401) 751-0072 (facsimile)

Dated: January 23, 2015

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 23, 2015.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

34483852v1 0948607