# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATHERINE L. CAITO, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | CA NO. 1:13-CV-429-M-LDA |
| vs. ) | |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS; CITIBANK AS ) | |
| TRUSTEE FOR AMERICAN HOME ) | |
| MORTGAGE ASSETS TRUST 2006-3 ) | |
| MORTGAGE-BACKED PASS-THROUGH ) | |
| CERTIFICATES SERIES 2006-3 ) | |
| ) | |
|     *Defendants*. ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION

Now comes the Plaintiff, by and through her undersigned counsel, who respectfully requests this Honorable Court to grant leave, thereby permitting Plaintiff to file a Second Amended Complaint, for the reasons as set forth herein.

## FACTS

Plaintiff filed her Complaint in this Court on June 7, 2013. By Order of this Court, litigation in the instant action was stayed and the case was subsequently thoroughly vetted for mediation, resolution, and settlement through the Special Master's Office. Eventually settlement discussions reached an impasse, the case was removed from the Special Master's Docket, the stay was lifted, and the case proceeded to litigation.

On November 26, 2014, the Defendants' filed a Motion to Dismiss Plaintiff's Complaint. On January 9, 2015, Plaintiff responded to said Motion by filing a Motion for Leave to Amend. On January 12, 2015, the Court granted Plaintiff's Motion for Leave to Amend and denied without prejudice Defendants' Motion to Dismiss.

On January 23, 2015, the Defendants' filed a Motion to Dismiss Plaintiff's Amended Complaint. On February 10, 2015 the Court granted Defendants' Motion to Dismiss due to Plaintiff's failure to respond in opposition. On March 2, 2015, Plaintiff filed a Motion to Vacate the Court's February 10, 2015 Order of dismissal. On March 23, 2015, finding good cause existed, the Court granted Plaintiff's Motion to Vacate the previous order of dismissal.

On March 23, 2015 the Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint. On April 7, 2015 Plaintiff filed a Request for Judicial Notice in support of her Response in Opposition to Defendants' Motion to Dismiss. On April 10, 2015, Defendants' filed a Reply in Support of their Motion to Dismiss Plaintiff's Amended Complaint. On April 24, 2015, the Court issued Notice of Hearing on Defendants Motion to Dismiss setting a date for said hearing on May 12, 2015.

On May 1, 2015 Defendants' filed a Motion for Leave to Submit Supplemental Authority, which was granted by the Court on May 4, 2015. Due to the impact of said Supplemental Authority with respect to Plaintiff's claims, the Plaintiff filed a Motion to Continue the May 12, 2015 hearing on Defendants' Motion to Dismiss. On May 8, 2015, the Court, finding good cause existed, granted Plaintiff's Motion to Continue and re-scheduled the Hearing on Defendants' Motion to Dismiss to June 12, 2015.

The Supplemental Authority filed by the Defendants' was for the sole purpose of providing the Court notice of the recently issued decision in <u>Wells Fargo Bank, N.A. v. Erobobo</u>

No. 2013-06986, 2015 WL 1915161, slip op. (N.Y. App. Div. Apr. 29, 2015). In said decision the Appellate Division reverses and overturns the New York Supreme Court's 2013 decision issued at 39 Misc. 3d 1220(A). Specifically, the Appellate Division concludes that "Erobobo, as a mortgagor whose loan is owned by a trust, does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA." Erobobo, 2015 WL 1915161 at *2 (citing Bank of N.Y. Mellon v. Gates, 116 AD3d 723, 725, 982 N.Y.S.2d 911 (2014); Rajamin v. Deutsche Bank Natl. Trust Co., 757 F.3d 79, 86-87 (2nd Cir. 2014).

The Defendants' contend that as the Plaintiff relies on the New York Supreme Court's decision in Erobobo[1] in response to Defendants' Motion to Dismiss, the decision confirms the holdings and precedent Defendants' cite in their memoranda of law submitted in support of their Motion to Dismiss and rejects Plaintiff's position and argument in response.

However, Plaintiff argues that in order to determine whether or not a plaintiff has standing to bring claims under the circumstances as alleged in this case, the subject matter Pooling and Servicing Agreement (Trust Agreement) must be analyzed with a level of specificity that goes beyond the cursory "gloss over" assumption that "generally" *ultra vires* acts of a trustee can be ratified by a trust's beneficiaries, thereby denying a third party standing, which many court's to date have erroneously relied on.

In the proposed Second Amended Complaint, the Plaintiff no longer relies on Erobobo, Saldivar or Glaski, but upon a sound and thorough analysis of the Trust Agreement specific to this case, which demonstrates that the assignment at issue is entirely void by the terms of the

---

[1] Defendants' also contend that the Plaintiff also relies on decisions that rely on the now overturned *Erobobo* decision: (1) *In re Saldivar*, No. 12-01010, 2013 WL 2452699 at *4 (Bankr. S.D.Tx. 2013); and (2) *Glaski v. Bank of America, N.A.*, 218 Cal.App.4th 1079, 1098, 160 Cal.Rptr.3d 449 (2013). (*Id.* at pp. 9, 14-16.)

Trust Agreement itself, thereby affording Plaintiff the standing to bring her claims.[2] Plaintiff's proposed Second Amended Complaint clearly sets forth that the alleged violation of the Trust's terms in this case constitute more than just a procedural infirmity, that the as alleged *ultra vires* acts of the Trustee can not be ratified by the Trust's beneficiaries, and therefore the assignment and transfer at issue are void. As such, the Plaintiff respectfully requests this Honorable Court grant her Motion for Leave to Amend and be allowed to file a Second Amended Complaint.

**STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. Rule 15(a) a party may amend its pleadings by leave of court or by written consent of the adverse party; "[L]eave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." Id. at 230. "It is too late in the day, and entirely contrary to the spirit of the Federal Rules of Civil Procedure, for decisions on the merits to be avoided on the basis of such mere technicalities...The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Rule 15(a) declares that leave to amend "'shall be freely given when justice so requires'". If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

---

[2] Culhane v. Aurora Loan Servs. Of Neb., 708 F.3d 282, 289 (1st Cir 2013) ("mortgagor would be deprived of a means to assert her legal protections without having standing to sue"); Mruk v. Mort. Elec. Reg. Sys., Inc., 82 A.3d 327 (R.I. 2013) ("unlike the usual third parties to contracts, the homeowners here are not attempting to assert the rights of one of the contracting parties; instead, they are asserting their own rights not to have their homes unlawfully foreclosed upon"); Wilson v. HSBC Mortgage Services Inc., 744 F.3d 1, 10 (1st Cir. 2014) ("homeowners sought to establish that the mortgage transfer from the assignor to the assignee – who in turn attempted to foreclose – was void at the outset. Through the allegation, the plaintiffs established standing because they challenged the foreclosing entity's status as a mortgagee of their property")

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "'freely given'". Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178 (1962).

## ARGUMENT

In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "'freely given'".

Plaintiffs request here is not an undue delay. After the Defendants' filed their Supplemental Authority, the Plaintiff worked diligently and in a timely fashion to further research the facts of her case and upon discovery of the evidence in the Trust Agreement which supports her allegations, her Counsel drafted the proposed Second Amended Complaint as attached hereto. (See Exhibit A).

Further, there is no evidence of bad faith or dilatory motive on the part of the Plaintiff. The Plaintiff has simply discovered new evidence with respect to her allegations and seeks to present it. Additionally, as there has been no failure to cure deficiencies by amendment previously allowed, same is not a factor in reviewing the Plaintiff's request herein.

Moreover, there is no undue prejudice to the Defendants. "As a general rule, the risk of substantial prejudice increases with the passage of time. … Delay in moving to amend also

increases the risk that the opposing party will not have an adequate opportunity to prepare his case on the new issues raised by the amended pleading." (See: Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1488 at 670-71 (1990)). Those concerns are absent here. In fact, the Defendants have been on notice of these Plaintiff's claims regarding the alleged invalidity of the mortgage assignments and ultimately Defendant Citi Bank, N.A.'s status as mortgagee, from the outset of this litigation. The Plaintiff, however, was not privy to the information that led to this motion, until after the Defendants' filed their Supplemental Authority.

Permitting Plaintiff to amend at this stage would not reduce Defendants' ability to defend this action. "Courts denying motions to amend have often done so because the proposed amended complaint would complicate litigation at the last minute." Id. Plaintiff, however, is not seeking to amend her complaint "on the eve of trial, or after a lengthy discovery process has already concluded. In fact, the instant motion, rather than complicating this litigation, actually reduces it by eliminating legal theories." (See: Heritage Healthcare Services, Inc. v. Beacon Mutual Insurance Company, No. PB 02-7016, 2011 R.I. Super. (Sept. 4, 2008)).

As clearly alleged in the proposed Second Amended Complaint, Defendant Citi Bank, N.A. cannot be a mortgagee who can exercise the statutory power of sale contained in the subject matter mortgage, subsequent to obtaining the mortgage via an assignment that is wholly void. There is considerable evidence in support of Plaintiff's position submitted as Exhibits to the proposed Second Amended Complaint of publicly available documents from the Securities and Exchange Commission. These allegations, should they prevail, would strip the Defendants' of having had any standing or right to foreclose said mortgage. Wherein they have no standing or

right, they could not possibly be prejudiced. Rather, if the Plaintiff is not afforded the relief and leave as requested herein, she would be the only party to be so prejudiced.

Additionally, the Rhode Island Supreme Court has "consistently interpreted Rule 15(a) to allow trial justices to grant amendments to the pleadings liberally if justice so requires." Faerber, 568 A.2d at 328-29 (R.I. 1990). The reason for this liberal approach is "to facilitate the resolution of disputes on their merits rather than on blind adherence to procedural technicalities." Wachsberger v. Pepper, 583 A.2d 77 (R.I. 1990) (citing Inleasing Corp v. Jessup, 475 A.2d 989 992). As no court in Rhode Island has yet ruled on the legality of the claims as presented in Plaintiff's proposed Second Amended Complaint, Plaintiff's claims are clearly a proper subject of relief, which ought to be afforded an opportunity to be tested on the merits, and are not an exercise in futility.

Moreover, R.I. Super. Civ. P. R. 15(c) provides a test in which a properly granted amendment shall relate back to the date of the original pleading. "The parameters of this relation-back doctrine incorporate several underlying policies, not the least of which is to ameliorate the effect of the statute of limitations." See: Mainella v. Staff Builders Ind. Svcs. Inc., 608 A.2d 1141, 1143 (R.I. 1992) citing Siegel v. Converters Transportation, Inc., 714 F.2d 213, 216 (2d Cir. 1983); 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1497 (1990). Specifically, the relation back test is "whether the amended pleading alleges a matter that arises out of the same 'conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" Id. citing Super. R. Civ. P. R. 15(c).

Plaintiff asserts that she has satisfied the requisite relation back test found in Rule 15(c). Specifically, the Second Amended Complaint relies on the previously alleged grounds that the alleged invalidity of the mortgage assignments and ultimately Defendant Citi Bank, N.A.'s status

7

as mortgagee arose out of the same conduct as set out – or as attempted to be set out – in the original pleading.

WHEREFORE, for the reasons as stated in the foregoing, the Plaintiff, by and through her undersigned Counsel, hereby respectfully requests this Honorable Court to grant her leave to file a Second Amended Complaint.

Dated: June 5, 2015

Respectfully Submitted,

/s/ Todd S. Dion\_\_\_\_\_
Todd S. Dion (#6852)
1599 Smith Street
North Providence, RI 02911
(401) 965-4131 Telephone
(401) 429-6183 Facsimile
toddsdion@msn.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2015, a copy of the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on the parties listed on the NEF as not receiving electronic notice.

*/s/ Todd S. Dion*
