UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATHERINE L. CAITO<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AND CITIBANK AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2006-3<br><br>    Defendants. | CIVIL ACTION NO. 1:13-cv-00429 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO AMEND

### I. INTRODUCTION

Plaintiff Katherine Caito ("Plaintiff") has not altered or amended the allegations and claims made against Defendants Mortgage Electronic Registration Systems, Inc. and CitiBank as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass Through Certificates Series 2006-3 ("Defendants") in her proposed Second Amended Complaint. The allegations and claims remain the same: (1) Plaintiff challenges assignment and foreclosure on the grounds that the transfer of her mortgage loan violated the terms of the Pooling and Servicing Agreement ("PSA"); and (2) Plaintiff asserts violations of 26 U.S.C. §860A, taxation of Real Estate Mortgage Investment Conduits ("REMIC"), as a basis to void the assignment. The purpose of the amendment is to eliminate case law Plaintiff previously relied upon to assert standing to sue. Apparently, Plaintiff hopes this Court will not only discard the reversal of *Erobobo*, but also ignore the majority of decisions from the First Circuit and Second Circuit that deny borrowers standing to assert PSA challenges. Defendants request that this Court deny the

Motion to Amend on grounds of futility because the proposed Second Amended Complaint fails to establish Plaintiff's standing to sue.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that leave to amend should be granted freely when justice so requires. Fed. R. Civ. P. 15(a). The liberal standard is not without certain distinct limitations, including that a district court need not grant leave if the proposed amended complaint would be futile. *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 12, 19 2001); *Harvey v. Snow*, 281 F.Supp.2d 376 (D.R.I. 2003); *Ouch v. Federal Nat'l Mortg. Ass'n et al.*, No. 11-102090-RWZ, 2013 WL 139765, at *1 (D. Ma. Jan. 10, 2013). To determine whether it would be futile to grant a motion to amend, "the Court applies the same standard for legal sufficiency as it applies to a motion to dismiss for failure to state a claim upon which relief could be granted." *Harvey v. Snow*, 281 F.Supp.2d at 381; *see also Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

## III. LEGAL ARGUMENT

### A. Plaintiff Asserts Violations of the PSA without Standing to Challenge or Enforce this Agreement.

Plaintiff's proposed Second Amended Complaint continues to challenge the assignment and foreclosure of her mortgage through allegations that the transfer of her loan did not comply with the terms of the PSA. (Proposed Second Amended Complaint, Doc. no. 26-1, ¶¶14, 16, 18, 21-29.) Much like the first amendment, Plaintiff alleges that her loan was transferred into the trust after the PSA's close date and that the PSA expressly prohibits transfers that violate the trust's REMIC status. (*See*, *e.g.*, proposed Second Amended Complaint, Doc. No. 26-1, ¶¶11, 14, 16-17; Amended Complaint, Doc. 9-1, ¶¶11-12, and 14-15, 17) The difference between Plaintiff's prior Amended Complaint and the proposed Second Amended Complaint is that

Plaintiff eliminates the New York state court's decision in *Wells Fargo Bank, N.A. v. Erobobo*, No. 31648/2009, 2013 WL 1831799 (Sup.Ct.Kings Co. Apr. 29, 2013) in addition to *In re Saldivar*, No. 11-10689, 2013 WL 2452699, at *4 (Bankr. S.D.Tex. June 5, 2013) and *Glaski v. Bank of America*, 218 Cal.App.4th 1079, 160 Cal.Rptr.3d 449 (2013). (Amended Complaint, Doc. No. 9-1, ¶16.) In her request for leave to amend, Plaintiff informs the Court that her complaint no longer relies on this precedent and instead employs the PSA itself to establish standing. (Motion for Leave, Doc. No. 26, p. 3.)

The error in Plaintiff's position is that she ignores the necessity of establishing standing to challenge or enforce the PSA on these Defendants before she delves into the agreement and the supposed errors to advance her case. With the New York state court appellate division's reversal of *Erobobo*, No. 2013-06986, 2015 WL 1915161, slip. op. (N.Y. App. Div. Apr. 29, 2015), there is no precedent to support Plaintiff's standing to sue. Instead, the *Erobobo* decision now follows the wealth of cases from courts in this Circuit and in the Second Circuit,[1] all of which conclude that borrowers lack standing to challenge foreclosure based upon alleged errors in a loan's transfer under the PSA. *Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28 (1st Cir. 2014), *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 87-88 (2nd Cir. 2014), *Koufos v. U.S. Bank*, 939 F.Supp.2d 40, 48 (D.Mass. 2013), *Monges v. Wells Fargo Bank, N.A.*, No. 13-11752, 2015 WL 1308146 at *8 (D.Mass. Mar. 23, 2015); *Sullivan v. Bank of New York Mellon*, No. 14-14074, 2015 WL 1254889, at *14-*15 (D.Mass. Mar. 19, 2015), *Carver v. Bank of New York Mellon*, No. 13-10005, 2014 6983431, at *5 (D.Mass. Dec. 10, 2014), *Anh Nguyet Tran v. Bank of New York*, No. 13 CIV. 580 RPP, 2014 WL 1225575, at *5 (S.D.N.Y. Mar. 24, 2014) *aff'd*, 592 F. App'x 24 (2d Cir. 2015), *Berezovskaya v. Deutsche Bank Nat. Trust Co.*, No. 12 CV

---

[1] Defendants continue to cite to decisions applying New York law, as a supplement to decisions from this Circuit, because Plaintiff takes the position that New York law governs the PSA. (Opposition, Doc. No. 17, pp. 8-14.)

3

6055 KAM, 2014 WL 4471560, at *7 (E.D.N.Y. Aug. 1, 2014) *report and recommendation adopted*, No. 12-CV-6055 KAM CLP, 2014 WL 4470786 (E.D.N.Y. Sept. 10, 2014), and *Barnett v. Countrywide Bank F.S.B. et al.*, No. 14-CIV-4270, 2014 WL 6603986, at *4-*5 (E.D.N.Y. Nov. 20, 2014).

Plaintiff cannot establish standing to challenge or enforce the PSA with a more analyzed level of the PSA's specificity she attempts to provide the Court. She must first demonstrate as a matter of law that she has standing to sue, and in doing so she cannot discard and ignore precedent is her pleadings to avoid other courts' interpretations and decisions dismissing this very type of case. The proposed amendment is futile because case law demonstrates that Plaintiff has no legal basis to access the PSA as a vehicle to invalidate the assignment or foreclosure. In fact, Plaintiff's motion presents a tacit admission of futility by elimination of case law from her claims. Accordingly, the Defendants requests that this Court deny Plaintiff's Motion to Amend and dismiss Plaintiff's First Amended Complaint.

B. Plaintiff's Attempt to Elaborate on Defendants' Violations of 26 U.S.C. §860A Ignores her Lack of Standing to Enforce these Regulations on Defendants.

In the proposed Second Amended Complaint, Plaintiff continues to attack the assignment of and foreclosure on her mortgage based upon the trust's alleged violations of the Internal Revenue Code. The difference between Plaintiff's First Amended Complaint and the proposed Second Amended Complaint is only the extent to which Plaintiff attempts to detail these purported violations. In the First Amended Complaint, Plaintiff alleged that the assignment of her mortgage and transfer of note to trust caused adverse tax consequences to the trust and forfeited the trust's REMIC status under the Internal Revenue Code. (Amended Complaint, Doc. No. 9-1, ¶17.) In the proposed Second Amended Complaint, Plaintiff offers more detail of the alleged termination of the trust's REMIC status and the adverse tax consequences of the

34522196v1 0948607

purported prohibitive transaction under 26 U.S.C. §860A. (Proposed Second Amended Complaint, Doc. No. 26-1, ¶¶16-21, 25-26.) The proposed amendment is futile because Plaintiff's added review of 26 U.S.C. §860A does not alter or solve the absence of any private right of action under the statute, nor has Plaintiff provided any basis to void the assignment of mortgage based upon an alleged violation of the Internal Revenue Code.

As more fully discussed in Defendants' memoranda of law in support of their Motion to Dismiss the Amended Complaint, 26 U.S.C. §860A is the exclusive statutory mechanism for the Internal Revenue Service ("IRS") to impose federal tax obligations on REMICs. *See* 26 U.S.C. § 860A(a)(2010). As a result, courts uniformly conclude that a borrower's allegation of violations of REMIC Regulations fails to state a claim because of borrowers' lack of standing. In *Obal v. Deutsche Bank Nat. Trust Co.*, No. 14-CV-2463, 2015 WL 631404, at *1 (S.D.N.Y. Feb. 13, 2005), the Southern District dismissed borrower's complaint for lack of standing to invalidate an assignment that violates the REMIC Regulations finding no private cause of action to enforce these provisions of the federal tax code. *Id.* at *4. Relying on case law from other jurisdictions consistent with New York federal case law, the court concluded that "it is for the IRS, and not private citizens, to enforce the Internal Revenue Code." *Id.* Similarly, in *Evangelist v. Green Tree Servicing, LLC*, No. CIV. 12-15687, 2013 WL 2393142, at *7 (E.D. Mich. May 31, 2013), the Eastern District of Michigan concluded that plaintiff had "no viable cause of action" to allege violations of REMIC Regulations because "REMIC statutes and regulations . . . are tax laws," and so "[e]ven if they were violated, the harm was to the government, not to plaintiff." Finally, in *Hayes v. Bank of Am.*, No. CIV.A. H-12-377, 2013 WL 5352704, at *9 (S.D. Tex. Sept. 23, 2013), the Southern District of Texas concluded that "[p]laintiff [could not] maintain a claim for a REMIC violation" in part because he "ha[d] not shown that he has standing to bring a private

5

right of action for an income tax violation or that the court has jurisdiction in the first instance over such a claim."

Regardless of whether the Court reviews Plaintiff's Amended Complaint, her memorandum in opposition to Defendants' Motion to Dismiss, or Plaintiff's Proposed Amended Complaint, Plaintiff does not provide the Court with any allegation, claim or legal argument to establish her standing to assert a private right of action under 26 U.S.C. §860A. At best, Plaintiff can only insist that enforcement of 26 U.S.C. §860F is necessary to protect the interests of the trust beneficiaries, but Plaintiff is not a beneficiary of the trust and instead seeks to vindicate her own rights separate, apart and potentially adverse to the beneficiaries of the trust. Whatever additional details or specificity Plaintiff attempts to provide, or even could provide, through the proposed Second Amended Complaint, Plaintiff has no basis to maintain a private right of action against the Defendants based upon REMIC violations and no basis void an assignment of mortgage based upon an alleged income tax violation.

## IV. CONCLUSION

For the reasons stated above, Defendants, Citibank as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass Through Certificates Series 2006-3 and Mortgage Electronic Registration Systems, Inc., request that this Court deny Plaintiff's Motion to Amend.

Respectfully submitted,

CITIBANK AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3 MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2006-3 AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By Their Attorney,

Dated: June 9, 2015.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, #7075
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
(401) 751-0842
(401) 751-0072 (facsimile)

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2015.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha