# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KATHERINE L. CAITO, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | CA NO. 1:13-CV-429-M-LDA |
| vs. | ) | |
| | ) | |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS; CITIBANK AS | ) | |
| TRUSTEE FOR AMERICAN HOME | ) | |
| MORTGAGE ASSETS TRUST 2006-3 | ) | |
| MORTGAGE-BACKED PASS-THROUGH | ) | |
| CERTIFICATES SERIES 2006-3 | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## INTRODUCTION

The Defendants' in the instant action have filed an Objection to Plaintiff's Motion for Leave to File a Second Amended Complaint. The Defendants' Objection argues that the Plaintiff's proposed Second Amended Complaint does not alter or amend the allegations in the First Amended Complaint, that the amendments are an exercise in futility, and that the Motion should be denied. In support of this argument, the Defendants' argue that the sole purpose of the amendment is to eliminate case law Plaintiff previously relied upon to assert standing to sue.

However, the elimination of case law notwithstanding, Plaintiff sets forth that the amendments proposed do indeed properly allege new facts which when adequately analyzed establish her standing to bring the instant action.

**ARGUMENT**

While the landscape of the arguments for and against standing in this case have evolved throughout the various arguments submitted by the parties, the basic tenets of whether or not Plaintiff in this case has standing to bring her claims has boiled down to just one remaining issue. Can the Beneficiaries of the Trust at issue ratify acts of the Trustee, which are prohibited by the Trust Agreement itself? If the Plaintiff can establish that those Trust Beneficiaries cannot ratify such acts, then she has shown that the assignment is void and not voidable, and has clearly established standing. In the proposed Second Amended Complaint this is exactly what Plaintiff has alleged, with well pled, factual allegations which plausibly give rise to an entitlement to relief. (Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

The Defendants' rely on a landslide of case law which rely on the assumption that "generally" parties to a contract can ratify acts prohibited by the contract, or that "generally" beneficiaries of a trust can ratify the *ultra vires* acts of a trustee. However, Plaintiff argues that such assumption in those cases is patently misguided, and as such, those courts' failed to analyze the trust agreements at issue in each case, with a level of specificity great enough, to determine if in fact, specifically to each trust, this type of generalized assumption was in fact correct.

The allegations in Plaintiff's proposed Second Amended Complaint establish that the Trust at issue was created with every conceivable provision to ensure its perpetually continuing status as a REMIC, prohibits acts of the Trustee from endangering, violating or terminating such status, and limits the voting rights of Certificateholders (i.e. trust beneficiaries), which would be necessary for the Beneficiaries to ratify any act.

The allegations as presented in the proposed Second Amended Complaint, establish that the assignment is in fact void not voidable, and as a result, the inescapable conclusion is that Plaintiff does have standing to bring her claims.

The Defendants' argue that First Circuit Decisions in <u>Culhane</u>, <u>Woods</u>, and <u>Wilson</u> deny a borrower's standing to assert PSA challenges. However, those cases do in fact support Plaintiff's argument that she has established standing if in fact she can adequately allege that the assignment at issue is void and not voidable. With this concept in mind, the Plaintiff points to the First Circuit's Decision in <u>Wilson</u> in support of her position;

> …"a mortgagor has standing to challenge the assignment of a mortgage on her home to the extent that such a challenge is necessary to contest a foreclosing entity's status qua mortgagee." <u>Culhane, 708 F.3d at 291</u>. Although this language may appear to grant standing to a broad group of individuals, we immediately dispelled any such notion by explaining how this "holding, narrow to begin with, is further circumscribed." Id. Pursuant to <u>Culhane</u>, under Massachusetts law a mortgagor has standing only "to challenge a mortgage assignment as invalid, ineffective or void (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee)." Id.; see also <u>Woods</u>, 733 F.3d at 354…

> …A homeowner in Massachusetts--even when not a party to or third party beneficiary of a mortgage assignment—has standing to challenge that assignment as void because success on the merits would prove the purported assignee is not, in fact, the mortgagee and therefore lacks any right to foreclose on the mortgage. Id.; see also <u>U.S. Bank Nat'l Ass'n v. Ibanez</u>, 458 Mass. 637, 647 (2011) ("Any effort to foreclose by a party lacking 'jurisdiction and authority' to carry out a foreclosure under these [Massachusetts] statutes is void.") (quoting <u>Chace v. Morse</u>, 189 Mass. 559, 561 (1905))…

> …Before delving into the meat of the Wilsons' allegations, a word on the distinction between "void" and "voidable." "Void" contracts or agreements are "those . . . that are of no effect whatsoever; such as are a mere nullity, and incapable of confirmation or ratification." <u>Allis v. Billings</u>, 47 Mass. 415, 417 (1843)…

<u>Wilson v. HSBC Mortg. Servs., Inc.</u>, F.3d, No. 1301298, 2014
WL563457 (1st Cir. Feb. 14, 2014)

The court in Wilson determined that: 1) a mortgagor does have standing to challenge the assignment of a mortgage on her home to the extent that such a challenge is necessary to contest a foreclosing entity's status as mortgagee; 2) a mortgagor has standing to challenge a mortgage assignment as invalid, ineffective or <u>*void*</u>; and, 3) "Void" contracts or agreements are those that are of no effect whatsoever; such as are <u>*incapable of confirmation or ratification*</u>. (See; <u>Wilson</u>, Id. *supra*).

Plaintiff's proposed Second Amended Complaint makes those exact allegations. Without reiterating the effects of 26 U.S.C. § 860A-G, already elucidated in detail in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Plaintiff would draw the attention of the Court to her allegations as pled in the proposed Second Amended Complaint wherein the Plaintiff has alleged:

A) The closing date of the Trust, SAC Id. at ¶ 11;

B) That the trust is formed as a REMIC, SAC Id. at ¶ 12;

C) That Defendant Citibank, N.A. is the Trustee of said Trust, SAC Id. at ¶ 13;

D) That the Trust Agreement prohibits any act that would endanger, violate or terminate the Trust's status as a REMIC, SAC Id. at ¶ 14;

E) That the assignment of mortgage at issue took place in excess of six (6) years after the closing date of said Trust, SAC Id. at ¶ 15;

F) That the assignment of mortgage at issue caused the Trust to fail to further qualify as a REMIC, violated the terms of the Trust Agreement prohibiting same, and is an illegal, *ultra vires* act of the Trustee, SAC Id. at ¶ 21;

G) That there are more than one hundred (100) Beneficiaries of the Trust, SAC Id. at ¶ 22;

H) That due to the alleged number of Beneficiaries of the Trust, a vote among them would be required to ratify any illegal or *ultra vires* act of the Trustee, SAC Id. at ¶ 23;

I) That the Beneficiaries' of the trust are prohibited by the Trust Agreement from voting to ratify *ultra vires* acts of the Trustee, SAC Id. at ¶24;

J) That the Trust Agreement cannot be amended to allow for the assignment[1], SAC Id. at ¶ 25;

K) That as the assignment is an illegal, *ultra vires* act on the part of the Trustee, which cannot be ratified by the Beneficiaries of the Trust, it is therefore void, SAC Id. at ¶ 26;

L) That as the assignment is void, Citibank, as Trustee for said trust, is not the valid mortgagee who can enforce the statutory power of sale contained in the mortgage, SAC Id. at ¶ 29.

Guided by the court in <u>Wilson</u>, the Plaintiff, in her proposed Second Amended Complaint, has; 1) challenged the assignment of a mortgage on her home as that challenge is necessary to contest the foreclosing entity's status as mortgagee; 2) has alleged that the mortgage assignment is *<u>void</u>*; 3) and that the assignment is *<u>incapable of confirmation or ratification</u>*.

---

[1] Specifically, the Trust Agreement states that the Trustee of said Trust is prohibited from agreeing to any amendment to the Trust Agreement without first having received an Opinion of Counsel to the effect that such amendment would not result in the imposition of any tax on any Trust REMIC pursuant to the REMIC Provisions, or cause any Trust REMIC to fail to qualify as a REMIC at any time that any Certificates are outstanding, which Plaintiff alleged said Trustee had not received at ¶ 18 of the proposed SAC.

In her proposed Second Amended Complaint the Plaintiff has set forth well pled factual allegations, supported by evidence that has not been disputed. Further, when presumed true, and viewed in a light most favorable to the Plaintiff, they demonstrate a genuine issue in controversy, which ought to be tried on the merits of Plaintiff's claims. Defendants' contention that the proposed Second Amended Complaint is futile, is a baseless position and any such argument should be rejected in its entirety.

Moreover, the Defendants' argument that Plaintiff has no private right of action to asserting the rights of the IRS to enforce its rules and regulations, she is asserting her own right not to be illegally foreclosed on. (See: <u>Mruk v. Mort. Elec. Reg. Sys., Inc.</u>, 82 A.3d 327 (R.I. 2013); "unlike the usual third parties to contracts, the homeowners here are not attempting to assert the rights of one of the contracting parties; instead, they are asserting their own rights not to have their homes unlawfully foreclosed upon").

Further, the Plaintiff makes no request for relief in her proposed Second Amended Complaint which could possibly be construed to be an enforcement of IRS Code. Additionally, the Defendants' argument fails to recognize the fact that should it be determined that the assignment at issue is void, then it is nullity, and IRS Code is not violated, making their argument on the issue entirely moot.

WHEREFORE, for the reasons as set forth herein, the Plaintiff respectfully requests this Honorable Court grant her Motion for Leave to File a Second Amended Complaint, and deny the Defendants' Motion to Dismiss in its entirety.


Dated: June 17, 2015

Respectfully Submitted, Plaintiff,
By her Attorney,
Todd S. Dion,


/s/ Todd S. Dion
Todd S. Dion Esq. (6852)
1599 Smith Street
North Providence, RI 02911
401-965-4131 Phone
401-429-6183 Fax
toddsdion@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2015, a copy of the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on the parties listed on the NEF as not receiving electronic notice.

 

 

   /s/  Todd S. Dion_____
Todd S. Dion, Esq.